**William R. MOORE, Jr., Appellant,**

v.

**UNITED STATES POSTAL SERVICE, Appellee.**

No. 92–3467.

United States Court of Appeals, Eighth Circuit.

Submitted April 8, 1993.

Decided April 29, 1993.

Larry Delano Coleman, Kansas City, MO, for appellant.

Alleen S. Castellani and Gay L. Tedder, Asst. U.S. Attys., Kansas City, MO, for appellee.

Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.

PER CURIAM.

William R. Moore appeals from the final judgment entered in the District Court[1] for the Western District of Missouri upon a grant of summary judgment for the United States Postal Service in this action claiming breach of the collective bargaining agreement. For reversal appellant argues the District Court erred in granting summary judgment because the American Postal Workers Union acted arbitrarily in withdrawing his grievance from arbitration. For the reasons discussed below, we affirm the judgment of the District Court.

The Postal Service employed Moore between 1977 and 1990. In 1988, the Postal Service disciplined Moore for threatening and striking another postal employee while on duty. The Postal Service entered a last chance agreement with Moore, in which he agreed that he would "refrain from obnoxious behavior." The last chance agreement provided that Moore's failure to abide by the terms of the agreement until August 25, 1990, would result in termination of his employment with the Postal Service. On June 25, 1990, Moore and a Postal Service supervisor, Billy D. Williams, engaged in a physical

---

1. The Honorable FERNANDO J. GAITAN, JR., United States District Judge for the Western District of Missouri.

scuffle off Postal Service premises. The Postal Service suspended Moore on June 26, 1990, and discharged him on July 19, 1990. Moore was convicted in January 1991 of a municipal charge of inflicting bodily injury on Williams. The American Postal Workers Union certified for arbitration Moore's grievance regarding his discharge, pending the outcome of his criminal appeal. After his conviction was affirmed on appeal, the Union withdrew his grievance from arbitration.

In May 1991, Moore filed this four-count complaint alleging, among other things, that defendants committed an unfair labor practice, in violation of 29 U.S.C. § 185. He sought reinstatement, back pay, attorney's fees, and an injunction restraining defendants from reprisal. In the alternative, he claimed thirteen million dollars in damages.

The Postal Service moved for summary judgment, arguing that Moore was properly discharged for failure to abide by the last chance settlement agreement and for violating postal regulations prohibiting assaults on fellow employees.[2] The Postal Service argued that Moore must prove a breach of the Union's duty of fair representation and a breach of the collective bargaining agreement. Because the Union did not act arbitrarily, discriminatorily, or in bad faith, the Postal Service argued, Moore could not prove a breach of the Union's duty of fair representation. *See Sanders v. Youthcraft Coats,* 700 F.2d 1226, 1229 (8th Cir.1983) ("[a] union does not act arbitrarily simply because it does not pursue a grievance that it has decided lacks merit"). To support its motion, the Postal Service submitted copies of the last chance agreement and a declaration by the Union official who withdrew the grievance from arbitration, outlining the reasons for withdrawing the grievance.

Moore responded, arguing the merits of his grievance. He did not submit evidence showing that the Union acted arbitrarily, discriminatorily, or in bad faith.

The district court granted the Postal Service summary judgment. Moore appeals, arguing the district court erroneously granted summary judgment because the Union arbitrarily withdrew his case from arbitration and the court misapplied the law.

The district court properly granted summary judgment. To prevail, Moore had the burden to show that the Union breached its duty of fair representation by acting arbitrarily, discriminatorily, or in bad faith. *See Marshall v. Local Union No. 6,* 960 F.2d 1360, 1370 (8th Cir.1992). Moore then had to show that the Postal Service breached the collective bargaining agreement. *See Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 570–71, 96 S.Ct. 1048, 1059–60, 47 L.Ed.2d 231 (1976). The Postal Service submitted the declaration of Hermann, the Union representative who initially certified and then withdrew Moore's grievance, which outlined the Union's rationale for withdrawing the grievance. Moore submitted no proof to contradict Hermann's declaration or otherwise attack the Union's actions. He simply argued in conclusory fashion that Hermann acted in an arbitrary manner "in that the act of withdrawal was despotic and based upon impulse, not by reason of law." Having failed to come forward with proof of arbitrary or bad faith conduct, Moore cannot demonstrate a breach of the Union's duty of fair representation. *See Schmidt v. I.B.E.W. Local 949,* 980 F.2d 1167 (8th Cir.1992).

Accordingly, we affirm.

---

**2.** The district court dismissed Moore's other counts for lack of subject matter jurisdiction.

Moore does not appeal those dismissals.