_____

No. 95-4172
_____

V. Kirk Smith,                        *
                                      *
          Plaintiff-Appellant,        *   Appeal From the United States
                                      *   District Court for the
     v.                               *   Western District of Missouri
                                      *
United Parcel Service, Inc.;          *
International Brotherhood of           *
Teamsters, Chauffeurs,                *
Warehousemen, and Helpers of          *
America, Local Union No. 41,          *
Over-the-Road and City Transfer       *
Drivers, Helpers, Dockmen and         *
Warehouse Men,                        *
                                      *
          Defendants-Appellees,       *


_____

Submitted:  June 13, 1996

Filed:  September 16, 1996
_____

Before RICHARD S. ARNOLD, Chief Judge, F. GIBSON, Senior Circuit Judge,
     and KORNMANN,[*] District Judge.
_____

KORNMANN, District Judge.

     V. Kirk Smith, appellant, brought a claim pursuant to section 301 of
the Labor Management Relations Act, 29 U.S.C. § 185, against United Parcel
Services, Inc. ("UPS") for breach of a collective bargaining agreement and
a claim against Teamsters Local 41 ("the union") for breach of the duty of
fair representation.  The District Court[1] granted summary judgment to UPS
and to the union.  Smith appeals, contending the union's actions were
arbitrary,

_____

     [*]The Hon. Charles B. Kornmann, United States District Judge
for the District of South Dakota, sitting by designation.

     [1]The Hon. Fernando J. Gaitan, Jr., United States District
Judge for the Western District of Missouri at Kansas City.

discriminatory and in bad faith, thus causing the union and UPS to be liable to him.

## I.  Factual Background

Smith worked for UPS for approximately seventeen years.  During his employment, Smith worked as a "package car" driver, delivering packages in his local area, and as a "feeder" driver, delivering packages in several metropolitan areas.

In early 1993, Smith was given a random drug test.  He tested positive for methamphetamines and amphetamines.  On February 1, 1993, Smith filed a grievance with the union, complaining that: (1) the drug test was not administered according to the guidelines agreed to by UPS and the International Brotherhood of Teamsters; and (2) he was improperly selected for a random drug test because such tests are applicable only to "feeder" drivers, but he was working as a "package car" driver at the time he was selected.

On March 8, 1993, Smith's employment with UPS was terminated.  The union objected to Smith's termination by letter on March 9, 1993, which constituted a second grievance.

If UPS and the union are unable to settle a grievance, the grievance is handled through two levels of final and binding arbitration.  The union represented Smith during six hearings and one committee review, all regarding his grievances.  The grievances were ultimately decided in favor of UPS and Smith's discharge was upheld.  Smith now brings this action claiming that the union breached its duty of fair representation during the hearings on Smith's grievances.

Smith claims the union discriminated against him because he ran for political office in the local union.  He contends the union acted arbitrarily, deceitfully and in bad faith, primarily in two respects: (1) failing to obtain certain laboratory information and reports concerning his drug test so the test could be challenged as unreliable; and (2) failing to hire an expert witness to attack the reliability of his drug test. Smith asserts that UPS purposefully had him tested (rather than being randomly selected) and that UPS

tampered with the drug test to make the results positive for methamphetamine and amphetamine drug use.

## II. Decision

We review the District Court's grant of summary judgment de novo and will affirm only if the record, viewed in the light most favorable to Smith, shows there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Allen v. United Transp. Union, 964 F.2d 818, 820 (8th Cir. 1992).

A breach of the duty of fair representation by a union occurs only when the union's conduct is "arbitrary, discriminatory, or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967). "Mere negligence, poor judgment, or ineptitude on the part of the union is insufficient to establish a breach of the duty of fair representation." Stevens v. Teamsters Local 600, 794 F.2d 376, 378 (8th Cir. 1986) (citations omitted). A union's conduct is arbitrary if, considering all the circumstances at the time of the union's action or inaction, "the union's behavior is so far outside a `wide range of reasonableness' as to be irrational." Beavers v. United Paperworkers Intern. Union, Local 1741, 72 F.3d 97, 100 (8th Cir. 1995) (citations omitted). "[A] union is protected by the `wide range of reasonableness' shield only if it has acted in good faith." Schmidt v. International Broth. of Elec. Workers, Local 949, 980 F.2d 1167, 1170 (8th Cir. 1992). To defeat summary judgment on the issue of bad faith, Smith must offer "evidence of fraud, deceitful action or dishonest conduct" by the union. Id. (citations omitted).

Breach of the duty of fair representation by the union is a condition precedent to UPS's liability on Smith's claim against UPS for breach of the collective bargaining agreement. Vaca, 386 U.S. at 186, 87 S.Ct. at 914-15, 17 L.Ed.2d at ___.

Smith cannot defeat summary judgment on the issue of the union's bad faith because Smith has not produced any evidence of

-3-

fraud, deceitful action or dishonest conduct by the union.  <u>Schmidt</u>, 980 F.2d at 1170.  Smith alleges the union discriminated against him for "rocking the political boat with UPS and running for political office." The record shows that the union promptly filed grievances on behalf of Smith and adequately represented Smith at several hearings on his grievances.  We agree with the district court that there is no genuine issue of material fact as to whether the union acted in bad faith.

Smith contends he was discriminated against by the union but he does not allege or provide any evidence that, for other union members, the union obtained the laboratory records he alleges it should have obtained in his case or that the union hired an expert to attack the reliability of drug tests for other union members in similar situations.  Smith further contends the union discriminated against him by delaying his grievance hearings during the union's election process.  This claim is unfounded because Smith has not produced any evidence to show that the union had any control over the scheduling of his grievance hearings.

Smith has not shown that a genuine issue of material fact exists as to whether the union's representation of him was arbitrary.  The union adequately represented Smith during all the grievance hearings, presenting both written and oral arguments in his favor.  In one of the last hearings on Smith's grievances, he was asked, "Do you feel that Mr. McLaughlin and Mr. Standley of Local 41 properly represented you in this case?", to which Smith responded, "Yes I do.  I believe that they represented me as well as anyone could have."  The union did obtain laboratory records of Smith's drug test, but Smith claims the union should have obtained more records. The union used these records to challenge the reliability of the drug test administered by UPS.  Whether the union should have obtained more records is a matter within the wide range of reasonableness afforded to a union in pursuing a grievance.  <u>See</u> <u>Beavers</u>, 72 F.3d at 100.  Even after obtaining the records which Smith contends the union should have procured, Smith has not been able to support his allegations that the drug test was

tampered with or spiked.

Smith's claim that the union breached its duty of fair representation by failing to obtain an expert witness to challenge the reliability of the drug test is not supported by the record. A union is not necessarily required to obtain an expert witness to fulfill its duty of fair representation. Walk v. P*I*E Nationwide, Inc., 958 F.2d 1323, 1328 (6th Cir. 1992). The decision whether to procure an expert witness in this situation is a matter within the wide range of reasonableness afforded a union in pursuing grievances on behalf of its members. Smith has not created a genuine issue of material fact that the union's conduct in this regard was arbitrary, discriminatory or in bad faith.

No genuine issue of material fact exists as to the union's breach of the duty of fair representation. Therefore, summary judgment in favor of UPS is proper on Smith's claim for breach of the collective bargaining agreement. Vaca, 386 U.S. at 186, 87 S.Ct. at 914-15, 17 L.Ed.2d at ___.

### III.   Conclusion1

The judgment of the district court granting summary judgment to defendants is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT