# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-1322

_____

William R. Danylchuk, Jr.,      *

        *

      Appellant,      *

        *    On Appeal from the United

   v.                   *    States District Court for

        *    the Southern District of

        *    Iowa.

Des Moines Register & Tribune Co.,      *

        *

      Appellee.      *

_____

Submitted: September 8, 1997

Filed: October 21, 1997

_____

Before RICHARD S. ARNOLD, Chief Judge, HEANEY and BEAM, Circuit Judges.

_____

RICHARD S. ARNOLD, Chief Judge.

This is an action for breach of a collective-bargaining agreement under §301 of the Labor Management Relations Act, 29 U.S.C. §185 (1994). The plaintiff, William L. Danylchuk, Jr., alleges that the defendant, Des Moines Register & Tribune Co., discharged him without good cause and is violating the agreement by refusing to submit the matter to binding arbitration. The company's defense turns on the fact that the union representing the bargaining unit of which Danylchuk was a member, Des Moines Mailers Union Local 358, has chosen not to pursue the arbitration remedy. The District

Court[1] held that the union, in choosing not to pursue the arbitration, had violated no duty owed to Danylchuk, and therefore granted the employer's motion for summary judgment. (The union itself, originally sued as an additional defendant, had earlier settled with the plaintiff.)

The key question presented has to do with the union's conduct. Was the union in breach of its duty of fair representation? To show such a breach, plaintiff must demonstrate that the union has acted in an arbitrary or discriminatory manner, or in bad faith. See Vaca v. Sipes, 386 U.S. 171, 186 (1967); Smith v. United Parcel Service, Inc., 96 F.3d 1066, 1068 (8th Cir. 1996). Moreover, the employer, in addition to asserting that the union's conduct was not to blame under this stringent standard, claims that no agreement to arbitrate existed in any event, the collective-bargaining agreement between it and the union having expired.

In brief, the relevant facts are these. There was an agreement between the union and the company including an arbitration clause. The agreement expired on February 3, 1994, but one of its provisions stated that "the terms and conditions of the expired Agreement shall be maintained until a new Agreement is reached or other action is authorized by the . . . Union or by the Company." After the agreement expired, the union took the position that the arbitration process, together with the other terms and conditions of the agreement, survived. The company took the position that it did not, on the ground, among others, that it, the company, had taken "other action" to terminate the agreement to arbitrate. We need not resolve this dispute in order to decide the present case. It is sufficient to note that the dispute existed, with the union and the company taking opposite sides.

On January 5, 1995, Danylchuk was fired from his job as a mailroom employee. The company claimed that he had failed to report for work twice within one year, in

---

[1]The Hon. Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

violation of mailroom office rules. Danylchuk asserted that his failure to report for work was not voluntary and should be excused on account of illness. Representatives of the company and the union adjusted the grievance through steps 1 and 2 of the grievance procedure set forth in the expired Agreement. Thereafter, the company refused to submit the grievance to a board of arbitration. For a time, the union insisted that the arbitration clause had survived the expiration of the agreement, and that the company had to abide by it, but, in the course of negotiations with the company for a new collective-bargaining agreement, the union ultimately abandoned its position. As part of these negotiations, and in order to secure a new agreement, the union dropped efforts to submit Danylchuk's case to binding arbitration, and consented to refer it instead to non-binding mediation. Danylchuk then brought this action, claiming that the union had abandoned him in breach of its duty of fair representation.

We affirm the judgment of the District Court, substantially for the reasons given in that court's opinion. William R. Danylchuk, Jr., v. Des Moines Register & Tribune Co., Civil No. 4-95-CV-10355 (S.D. Iowa, December 17, 1996). Danylchuk concedes that the union was not motivated by any animus against him. Brief for Appellant 17. The union simply decided that the welfare of its membership as a whole would be sufficiently advanced by the conclusion of a new collective-bargaining agreement to justify its change of position with respect to Danylchuk's personal situation. The union, of course, has to represent all employees in the bargaining unit. Whether Danylchuk's cause would ultimately have been upheld by the arbitrators was unknown. Whether the union's position that the company was obligated to arbitrate would ultimately prevail was also unknown. The company was interested in disposing of the Danylchuk matter as part of the over-all settlement. The union was willing, having balanced all the relevant considerations, to make this concession. We cannot say that this choice was arbitrary, discriminatory, or taken in bad faith. There is no evidence that any of those things occurred. The result, we recognize, was not favorable to Danylchuk as an individual, but a fiduciary who has to balance the interests of many beneficiaries will often have to make such a choice. We hold that no breach of duty

on the part of the union has been demonstrated, that there is no genuine issue of material fact, and that the company was entitled to judgment as a matter of law.

Affirmed.

HEANEY, Circuit Judge, dissenting.

I respectfully dissent. The district court granted summary judgment in favor of the Des Moines Register & Tribune Co. Thus, we must assume for the purpose of this opinion that the facts alleged by Danylchuk are correct. Of significance for summary judgment is the company's ultimatum that, unless the union agreed to withdraw its claim that the Danylchuk grievance be arbitrated, the company would not enter into a new collective bargaining agreement. The union complied with this request by withdrawing its demand for arbitration and agreeing that the Danylchuk grievance would be submitted to nonbinding mediation. The likely result of this action was that Danylchuk could prevail only if the company agreed to a resolution of the grievance satisfactory to Danylchuk, an unlikely event in view of its posture during the relevant time period.

The company offers as a defense that the union had the right to abandon the Danylchuk grievance for the greater good of the union members. I do not believe that the union had the right to sacrifice a union member with a meritorious grievance in order to secure a new collective bargaining agreement with the company. Under these circumstances, the union's responsibility was to file an unfair labor practice charge with the National Labor Relations Board alleging that the company refused to bargain in good faith. When an employer conditions signing a new collective bargaining agreement on the union abandoning a grievance or lawsuit, the employer commits an unfair labor practice by violating section 8(a)(5) of the Labor Management Relations Act, 29 U.S.C. § 158(a)(5). See Plattdeutchse Park Restaurant, Inc., 296 N.L.R.B. 133, 137-38 (1989); Inner City Broad. Corp., 270 N.L.R.B. 1230, 1233-34 (1984);

Good G.M.C., Inc., 267 N.L.R.B. 583, 584 (1983); Laredo Packing Co., 254 N.L.R.B. 1, 19 (1981); Nordstrom, Inc., 229 N.L.R.B. 601, 601 (1977). Therefore, by insisting that the union waive the Danylchuk grievance as a condition of signing a new collective bargaining agreement, the company engaged in an unfair labor practice.

I have no quarrel with the holdings of Vaca and Smith, the cases cited by the majority. In neither case, however, did the union agree to waive arbitration of what it considered to be a meritorious grievance for the purpose of entering into a new agreement.

It may well be that if this case were remanded, as I think it should be, the district court would find that the company did not issue an ultimatum, but that the union acted to facilitate negotiations. If so, Danylchuk would not have a cause of action against the company. Here, however, we must take the facts in the light most favorable to Danylchuk. In that light, the company issued an ultimatum that unless the Danylchuk grievance was withdrawn, there would be no collective bargaining agreement.

A union representing members with conflicting interests acts properly when it proceeds in good faith and on the basis of reasoned, informed judgment. Beardsly v. Chicago & North Western Transp. Co., 850 F.2d 1255, 1266-68 (8th Cir. 1988); Thomas v. Bakery, Confectionary & Tobacco Workers Union Local No. 433, 826 F.2d 755, 760 (8th Cir. 1987) (citation omitted); Automotive, Petroleum & Allied Indus. Employees Union, Local 618 v. Gelco Corp., 758 F.2d 1272, 1276 (8th Cir. 1985) (citation omitted). Certainly, then, a union has the right to balance the interests of competing groups of employees within the union and enter into an agreement that it believes benefits the whole. In my view, however, a union does not have the right to waive arbitration of a meritorious grievance with respect to whether an employee had been unlawfully discharged by the company unless there is evidence that the employee's grievance was of doubtful merit. I would remand to the district court with instructions to hold a hearing to determine whether the company in fact issued an

-5-

ultimatum to the union or whether the union abandoned Danylchuk's grievance for no good reason.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.