# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3813

_____

Ellehugh Cross,                               *
                                              *
              Appellant,                      *     Appeal from the United States
                                              *     District Court for the
       v.                                     *     Eastern District of Arkansas.
                                              *
United Auto Workers, Local                    *
1762; IC Corporation,                         *
                                              *
              Appellees.                      *
                                              *

_____

Submitted: April 19, 2006
Filed: June 20, 2006

_____

Before WOLLMAN, HANSEN, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Ellehugh M. Cross sued his former employer, IC Corporation, alleging wrongful discharge. He also sued his union, United Auto Workers Local 1762 (UAW), alleging breach of the duty of fair representation. The district court[1] granted summary judgment to IC and UAW. Cross appeals. Jurisdiction being proper under 28 U.S.C. § 1291, this court affirms.

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

In December 2002, Cross and a co-worker, David C. Payne, fought at work. Cross alleges Payne initiated the fight after horseplay earlier in the day that resulted in Cross being thrown into a dumpster. Payne denies starting the fight, claiming he merely pulled on Cross's cap after being interrupted, and Cross then pulled out a pocket knife and stabbed him three or four times in the leg.

The next day Payne reported the incident, and was examined by an IC company physician. The physician concluded that Payne's wound could have been caused by a small knife. Cross admits carrying a "little" pocket knife, but denies taking the knife out or stabbing Payne. He says that the blood on Payne's pants was from a cut Cross received earlier that day.

Cross was arrested by local police. He was immediately suspended by IC, pending an investigation. During the suspension, Cross met with his union steward and the UAW Bargaining Chairman who handles all grievance procedures. At the conclusion of the investigation, IC determined that Cross had "gotten mad, come around the table and stuck Mr. Payne in the left leg with a small knife." In response, the union filed two grievances on behalf of Cross pursuant to the collective bargaining agreement.[2] These grievances alleged that IC failed to provide due process and unjustly disciplined Cross. The following day, IC discharged Cross for fighting, threatening another person, and horseplay that may cause injury to another.

After IC denied both grievances through step 3, UAW sought a "last chance agreement" for Cross, with reinstatement on that basis. IC declined. UAW and IC then placed a hold on the grievances, pending disposition of Cross's criminal case.

---

[2]Cross had previously filed two grievances through UAW, which were resolved to his satisfaction, with a pay increase and a desired job.

IC made clear that it would not rehire Cross, regardless of the outcome of the case. UAW withdrew the grievance and did not seek arbitration. Two days later, the criminal charges against Cross were dismissed *nolle prosequi* at Payne's request.

Cross sued UAW for breaching its duty of fair representation by not pursuing his grievances and acting in bad faith by telling IC that Payne pled guilty to battery, when he did not do so. As for IC, Cross claims it breached the collective bargaining agreement by wrongfully discharging him.

## II.

This court reviews the grant of summary judgment de novo, viewing the facts most favorably to the non-moving party. *See* **Mershon v. St. Louis University**, 442 F.3d 1069, 1073 (8th Cir. 2006). Summary judgment is appropriate if the records "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **Fed. R. Civ. P. 56 (c)**.

Contractual remedies under a collective bargaining agreement are generally exclusive. However, an employee may bring a hybrid action under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, if the union "has the sole power under the contract to utilize the higher stages of a grievance procedure and wrongfully refuses to process a grievance." **Scott v. United Auto**, 242 F.3d 837, 839 (8th Cir. 2001), *citing* **Vaca v. Sipes**, 386 U.S. 171, 184-85 (1967).

To prevail in a hybrid action, the employee must first prove the union breached its duty of fair representation. *See* **Barlow v. Am. Nat'l Can Co.**, 173 F.3d 640, 642 (8th Cir. 1999); **Moore v. United States Postal Serv.**, 992 F.2d 180, 181 (8th Cir. 1993). "A union will be found to have breached its duty of fair representation only when its 'conduct toward a member of the collective bargaining unit is arbitrary,

discriminatory, or in bad faith.'" ***Buford v. Runyon***, 160 F.3d 1199, 1202 (8th Cir. 1998), *quoting* ***Vaca***, 386 U.S. at 190.

A union's conduct is arbitrary if, "considering all the circumstances at the time of the union's action or inaction, 'the union's behavior is so far outside a wide range of reasonableness as to be irrational.'" ***Smith v. United Parcel Service, Inc.***, 96 F.3d 1066, 1068-69 (8th Cir. 1996), *quoting* ***Beavers v. United Paperworkers Int'l Union, Local 1741***, 72 F.3d 97, 100 (8th Cir. 1995). "Any substantive examination of a union's performance...must be highly deferential, recognizing the wide latitude that negotiators need for the effective performance of their bargaining responsibilities." ***Air Line Pilots Ass'n Int'l v. O'Neill***, 499 U.S. 65, 78 (1991). "Mere negligence, poor judgment, or ineptitude on the part of the union is insufficient to establish a breach of the duty of fair representation." ***Stevens v. Teamsters Local 600***, 794 F.2d 376, 378 (8th Cir. 1986) (citations omitted).

Cross claims that UAW acted arbitrarily by initially delaying the arbitration until the conclusion of his criminal case but then withdrawing the grievances two days before the charges were dismissed. "A union does not act arbitrarily simply because it does not pursue a grievance that it has decided lacks merit. This is true even if a judge or jury later determines that the grievance is meritorious." ***Sanders v. Youthcraft Coats & Suits, Inc.***, 700 F.2d 1226, 1229 (8th Cir. 1983); *see* ***Vaca***, 386 U.S. at 192-93. A union owes a duty to all members of the bargaining unit, therefore "the union has the affirmative duty not to press grievances which the union believes, in good faith, do not warrant such action." ***Sanders***, 700 F.2d at 1229; *see also* ***Smith v. Hussman Refrigerator Co.***, 619 F.2d 1229, 1241 n. 12 (8th Cir. 1980). Because UAW had previously lost a similar arbitration involving workplace violence, it had a good faith belief that further arbitration was not warranted. UAW's delay and eventual withdrawal analysis of Cross's grievances are not an arbitrary breach of its duty of fair representation.

Cross also alleges that UAW acted in bad faith by erroneously telling IC that he pled guilty to battery. In order to defeat summary judgment on the issue of bad faith, Cross "must offer 'evidence of fraud, deceitful action or dishonest conduct' by the union." ***Schmidt v. Int'l Bhd. of Elec. Workers, Local 949***, 980 F.2d 1167, 1170 (8th Cir. 1992), *quoting **Motor Coach Employees v. Lockridge***, 403 U.S. 274, 299 (1971). The only evidence Cross produces is the testimony of an IC manager that she wrote the words "pled guilty" in her notes. Although the manager could not recall exactly who made the statement, she was sure it was a union representative. The district court properly found that "there is no evidence demonstrating that this action was anything other than a mistake or negligence," and "there simply is nothing in the record demonstrating that this action was fraudulent, deceitful, or dishonest." Cross simply failed to meet his burden of producing evidence in response to the motion to summary judgment. *See **Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986), *quoting* **Fed. R. Civ. P. 56(c)** ("[A] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'"); *see also **Matsushita Elec. Indus. Co. v. Zenith Radio Corp.***, 475 U.S. 574, 587 (1986).

No genuine issues of material fact exist as to a breach of the duty of fair representation, and UAW is entitled to judgment as a matter of law. Therefore, IC is also entitled to judgment as a matter of law on Cross's claim for wrongful discharge and breach of the collective bargaining agreement. *See **Vaca**,* 386 U.S. at 186; *see also **Washington v. Serv. Employees Int'l Union, Local 50***, 130 F.3d 825, 827 (8th Cir. 1997) ("Because summary judgment in favor of the union was appropriate, we conclude summary judgment in favor of [the employer] was likewise proper.").

III.

The judgment of the district court is affirmed.

_____