**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1290

_____

| | |
|---|---|
| Emanuel Washington, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Eastern District of Missouri |
| Service Employees International Union, | * |
| Local 50; National Super Markets, Inc., | * |
| | * |
| Appellees. | * |

_____

Submitted: November 19, 1997
Filed: December 10, 1997

_____

Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Emanuel Washington appeals from the final order of the United States District Court[1] for the Eastern District of Missouri, granting summary judgment on two counts in favor of defendants, Service Employees International Union Local 59 (union) and National Super Markets, Inc. (National), and dismissing two counts as barred by the statute of limitations in this labor action brought under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. For the reasons discussed below, we affirm.

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

Washington was employed as a porter at National and was a member of the union beginning in 1980. Washington alleged in this action filed on February 2, 1996, that the union breached its duty of fair representation and National breached the collective bargaining agreement in relation to a July 13, 1993, suspension for insubordination and his November 22, 1994, suspension and subsequent termination.

The district court granted defendants' motions to dismiss the claims relating to the July 1993 suspension, concluding that this claim was time-barred because it was not filed within six months of an unfair labor practice charge Washington filed against the union with the National Labor Relations Board on August 3, 1994, alleging that the union failed to properly represent him in the suspension grievance. The district court also granted defendants summary judgment on the claims relating to the November 1994 suspension and discharge, concluding there was no evidence that the union's decision not to arbitrate was perfunctory, arbitrary, discriminatory, or in bad faith. Because Washington failed to prevail in his breach-of-duty-of-fair-representation claim against the union, the district court also granted summary judgment in favor of National on Washington's claim for breach of the collective bargaining agreement. Washington appeals.

We agree with the district court that the July 1993 suspension claim accrued on the date Washington filed his unfair labor practice charge alleging that the union refused to pursue his grievance. See Livingstone v. Schnuck Market, Inc. 950 F.2d 579, 583 (8th Cir. 1991). Thus, this claim, filed in February 1996, was time-barred. See id. at 581 (six-month statute of limitations governs hybrid § 301/fair representation actions). Washington's argument that the statute of limitations was tolled because of continuing violation is without merit, because sixteen months elapsed without disciplinary action between the July 1993 suspension and the November 1994 suspension and discharge. See United Air Lines, Inc. v. Evans, 431 U.S. 553, 558 (1977) (critical question is existence of present violation).

A union breaches its duty of fair representation when its conduct is "arbitrary, discriminatory, or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190 (1967). For conduct to be arbitrary, the union's behavior must be "so far outside a 'wide range of reasonableness' as to be irrational." See Smith v. United Parcel Serv., Inc., 96 F.3d 1066, 1068 (8th Cir. 1996) (citations omitted). To show bad faith, the employee must establish the existence of fraud, deceitful action, or dishonest conduct. See Schmidt v. IBEW Local 949, 980 F.2d 1167, 1170 (8th Cir. 1992).

We agree with the district court that the union's decision was not arbitrary, discriminatory, or in bad faith. The evidence showed that the union submitted the grievance to its grievance review panel, the panel referred it to an attorney for further review, and the attorney obtained documents from National, reviewed the file, had discussions with Washington, and spoke with union representatives, and then concluded that National would likely prevail at arbitration. Although Washington argues on appeal that the attorney made the determination not to arbitrate based on an incomplete file, Washington did not point to any supporting evidence below. Neither did he provide any evidence tending to show that the union engaged in fraudulent, deceitful, or dishonest conduct. Because summary judgment in favor of the union was appropriate, we conclude summary judgment in favor of National was likewise proper. See Smith v. United Parcel Serv., Inc., 96 F.3d at 1069.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-