United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

———————

No. 97-2022

———————

| | |
|---|---|
| Avery Allen Baxter, | * |
| | * |
| Appellant, | * |
| | * |
| v. | * Appeal from the United States |
| | * District Court for the |
| United Paperworkers International | * Western District of Arkansas. |
| Union, Local 7370; United | * |
| Paperworkers International Union; | * |
| Whirlpool Corporation, | * |
| | * |
| Appellees. | * |

———————

Submitted: January 7, 1998

Filed: March 26, 1998

———————

Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

———————

MORRIS SHEPPARD ARNOLD, Circuit Judge.


Avery Allen Baxter appeals from the district court's[1] adverse grant of summary judgment to his employer, Whirlpool Corporation (Whirlpool), and to the United Paperworkers International Union and its Local 7370 (referred to collectively as UPI)

———————

[1]The Honorable H. Franklin Waters, United States District Judge for the Western District of Arkansas.

in his action for unfair representation and breach of the collective bargaining agreement (CBA). We affirm the judgment of the district court.

In February 1994, Baxter was discharged by Whirlpool for allegedly providing an undercover agent with marijuana on Whirlpool's parking lot. Baxter, an hourly employee, was represented by UPI. The CBA between UPI and Whirlpool included a grievance procedure, and UPI took Baxter's grievance to arbitration, choosing Archie Robbins to represent him.

In May 1994, Baxter was acquitted on a criminal charge arising out of the alleged marijuana incident. Willard Crane Smith, who represented him in the criminal matter, requested subpoenas from the arbitrator for Baxter's December 1994 arbitration hearing, but neither Smith nor Baxter notified UPI of the subpoenas. When the hearing began, Robbins asked that Smith be excluded. The arbitrator, who was from Florida, denied the request, citing the Florida "Sunshine law"; he reserved ruling on whether he would permit Smith to present evidence after UPI and Whirlpool presented their cases. After Whirlpool's attorney and Robbins conferred outside the room, Whirlpool's attorney indicated that he and Robbins had "de-selected" the arbitrator and would choose another arbitrator in accordance with the CBA (under which the parties were to select the arbitrator), and the hearing ended.

UPI and Whirlpool chose another arbitrator, and the hearing was rescheduled for February 1995. UPI wrote to Baxter, encouraging him to participate in the hearing and notifying him UPI considered the arbitration to be between the parties to the CBA (i.e., UPI and Whirlpool) and intended to exclude Baxter's personal attorney from the arbitration hearing. No personal attorney appeared at the February hearing. Several months after the hearing, the arbitrator issued a decision finding Baxter gave one marijuana cigarette to the undercover agent, but decreasing Baxter's penalty from discharge to a suspension from the date of his discharge until the date of reinstatement.

Baxter then brought this action, claiming unfair representation by UPI and breach of the CBA by Whirlpool. The district court granted UPI's summary judgment motion, finding Baxter failed to present sufficient evidence that UPI breached its duty of fair representation. The court also granted Whirlpool's summary judgment motion because a breach of UPI's fair-representation duty was a prerequisite to Baxter's claim against Whirlpool. This appeal ensued.

"A union breaches its duty of fair representation when its conduct is 'arbitrary, discriminatory, or in bad faith.'" See Washington v. Service Employees Int'l Union, Local 50, 130 F.3d 825, 826 (8th Cir. 1997) (quoted case omitted). Baxter argues that UPI acted arbitrarily and in bad faith when it agreed with Whirlpool to exclude Smith and to disqualify the original arbitrator. To prove arbitrariness, Baxter needed to show UPI's conduct was irrational. See id. To prove bad faith, Baxter needed to establish the existence of fraud, deceitful action, or dishonest conduct. See id. We agree with the district court that Baxter proved neither.

The question of whether a union may exclude a grievant's personal attorney from an arbitration hearing is an issue of first impression in this circuit. Under the circumstances here--i.e., Baxter's criminal case had been resolved, he failed to show other employees were treated differently, his attorney had subpoenaed witnesses without notifying UPI, and there was no evidence of a specific need for Smith's presence--we conclude that such exclusion did not constitute a breach of UPI's duty of fair representation. See Garcia v. Zenith Elec. Corp., 58 F.3d 1171, 1179-80 (7th Cir. 1995) (noting that in "unique context of labor relations," union's decision "to disallow the presence of an independently-retained attorney in a particular case is not, standing alone, enough to show that the union acted arbitrarily"); Castelli v. Douglas Aircraft Co., 752 F.2d 1480, 1483-84 (9th Cir. 1985) ("no court has adopted the rule that employees are entitled to independently retained counsel in arbitration proceedings or that the exclusion of such attorneys from arbitration violates the duty of fair representation"; participation of employee's counsel could "bypass the union and

undermine the policy of exclusive representation"); cf. Seymour v. Olin Corp., 666 F.2d 202, 209-10 & n.5 (5th Cir. 1982) (holding union's failure to pursue grievance, because grievant would not discharge his attorney, was arbitrary and breach of fair-representation duty; noting union may limit participation of private counsel in grievance proceedings, but leaving for "another day" question--which potential for criminal proceedings complicates--whether union "may prohibit the mere *presence* of private counsel").

We also conclude the evidence did not show that UPI's agreement with Whirlpool to decertify the arbitrator they had chosen together under the CBA was discriminatory, irrational, fraudulent, or dishonest. Insofar as Baxter argues that he was harmed by the arbitrator's disqualification and the resulting delay, we refuse to speculate that the original arbitrator would have ruled in Baxter's favor and more quickly.

Because we conclude UPI was entitled to summary judgment on the fair-representation claim, summary judgment for Whirlpool on the claim for breach of the CBA was also proper. See Smith v. United Parcel Serv., Inc., 96 F.3d 1066, 1069 (8th Cir. 1996). We reject as meritless the remainder of Baxter's arguments.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.