United States Court of Appeals

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 Argued September 10, 1998 Decided October 2, 1998 

 No. 97-7207

 Sebastian C. Simmons, 

 Appellant

 v.

 Howard University and 

 Metropolitan Special Police Officers Federation, 

 Appellees

 Appeal from the United States District Court 

 for the District of Columbia 

 (No. 96cv02879)

 David W. Brown argued the cause and filed the briefs for 
appellant.

 Anita Barondes argued the cause for appellees. With her 
on the brief were Michael F. Kleine and Mose Lewis, III.


 Before: Ginsburg, Sentelle, and Rogers, Circuit Judges.

 Opinion for the Court filed by Circuit Judge Ginsburg.

 Ginsburg, Circuit Judge: Plaintiff Sebastian Simmons sued 
his former employer and the union that represented him 
when he was employed by that employer, both under s 301 of 
the Labor Management Relations Act, 29 U.S.C. s 185(a). 
According to Simmons, the employer wrongfully fired him 
and the union failed adequately to represent him in his effort 
to get his job back. The district court granted summary 
judgment for both defendants, and Simmons now appeals. 
We affirm because Simmons' claim is untimely as a matter of 
law.

 I. Background

 Simmons was employed by Howard University as a Special 
Police Officer from 1989 until October, 1995, when he was 
fired for "unprofessional conduct." As a member of the 
Metropolitan Special Police Officers Federation, Simmons 
asked Gregory Burroughs, the Union's Business Representa-
tive, to prosecute a wrongful termination grievance on his 
behalf. Burroughs tried to do so but was repeatedly stymied 
by the Union's Vice President. As a result, the Union took 
no action on Simmons' complaint within the time limit for 
initiating the grievance process established by the applicable 
collective bargaining agreement.

 Burroughs, who believed that the grievance procedure 
could be re-opened, continued to press Simmons' grievance 
with both Union and management officials. Burroughs also 
kept Simmons abreast of his actions.

 Simmons did not, however, rely exclusively upon the possi-
bility that Burroughs would persuade the Union to relent. In 
January, 1996 he asked a lawyer to file suit on his behalf. 
The lawyer apparently agreed but, for reasons that are not in 
the record, failed to follow through. On March 20, 1996 
Simmons himself filed an unfair labor practice charge with 
the National Labor Relations Board alleging that the Union 
had "refus[ed] to provide fair representation to him" in 

connection with his termination. In April, 1996, however, 
allegedly after being told by an NLRB agent that the agency 
does not seek monetary damages, Simmons withdrew the 
charge.

 Meanwhile, Burroughs' attempts to persuade the Union to 
take up Simmons' grievance continued until October, 1996, 
when he was succeeded as Business Representative by Vin-
cent Westmoreland. Westmoreland, too, promised Simmons 
that he would try to re-open the grievance, but after one such 
attempt gave up the cause. Simmons filed this action on 
December 31, 1996.

 Both defendants moved for summary judgment on the 
ground that Simmons' complaint was time-barred. The dis-
trict court granted defendants' motion, and for the following 
reasons, we affirm.

 II. Analysis

 Simmons brings what the Supreme Court has referred to 
as a "hybrid s 301/fair representation claim," so named be-
cause the plaintiff simultaneously charges the employer with 
breach of the collective bargaining agreement and the union 
with a breach of its statutory duty of fair representation. 
DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 
165 (1983). Such claims are subject to the six-month statute 
of limitations provided in s 10(b) of the National Labor 
Relations Act, 29 U.S.C. s 160(b), see 462 U.S. at 155, which 
begins to run when "the claimant discovers, or in the exercise 
of reasonable diligence should have discovered, the acts con-
stituting the alleged violation." Vadino v. A. Valey Eng'rs, 
903 F.2d 253, 260 (3rd Cir. 1990) (quoting Metz v. Tootsie Roll 
Indus., 715 F.2d 299, 304 (7th Cir. 1983); see also Cohen v. 
Flushing Hosp. and Med. Ctr., 68 F.3d 64, 67 (2d Cir. 1995); 
Adams v. The Budd Co., 846 F.2d 428, 431 (7th Cir. 1988); 
Proudfoot v. Seafarer's Int'l Union, 779 F.2d 1558, 1559 (11th 
Cir. 1986).

 As Simmons points out, application of this standard often 
leads to fact-intensive disputes not amenable to resolution 
through summary judgment. Not so in this case, however. 

An unbroken string of precedent supports the proposition 
that when a plaintiff accuses his union of a breach of the duty 
of fair representation in a charge filed with the NLRB, he has 
by then, as a matter of law, "discovered" the grounds for his 
hybrid s 301 claim. See Washington v. Service Employees 
Int'l Union, Local 50, 130 F.3d 825, 826 (8th Cir. 1997) (hybrid 
s 301 claim accrued when plaintiff filed NLRB charge); Liv-
ingstone v. Schnuck Mkt., Inc., 950 F.2d 579, 583 (8th Cir. 
1991) (same); Adams, 846 F.2d at 431 (same); Arriaga-
Zayas v. International Ladies' Garment Workers' Union, 835 
F.2d 11, 13 (1st Cir. 1987) (claim accrued when plaintiffs filed 
"informative motion" with Puerto Rico Labor Relations Board 
detailing union's alleged failure adequately to represent 
them); Gustafson v. Cornelius Co., 724 F.2d 75, 79 (8th Cir. 
1983) (claim accrued when plaintiff filed NLRB charge); see 
also Cohen, 68 F.3d at 67 (claim accrued when plaintiff wrote 
letter to Anti-Defamation League complaining of union's 
failure to represent him).

 Simmons contends that the "discovery" rule is inapplicable 
to his claim in view of his reliance upon the efforts of 
Burroughs and Westmoreland, the Business Representatives, 
to re-open his grievance. Because a rational juror could find 
Simmons reasonably believed that they would ultimately suc-
ceed, he suggests, such a juror could also find that he was 
unaware of the acts constituting the Union's alleged breach. 
The latter proposition, however, does not follow from the 
former. Burroughs' and Westmoreland's representations did 
not render Simmons unaware of the factual basis of his claim; 
neither, therefore, did they prevent its accrual. See Cohen, 
68 F.3d at 68 (any hope plaintiff had that union would change 
its position is immaterial for statute of limitations purposes 
once plaintiff has articulated the grounds for his s 301 claim); 
Arriaga-Zayas, 835 F.2d at 15 (arbitration between union 
and employer did not prevent plaintiffs' hybrid s 301 claim 
from accruing when it was unclear whether union's represen-
tation of plaintiffs in arbitration proceeding would be ade-
quate). Moreover, even if there was some possibility after 
June 30, 1996 (six months before Simmons filed this suit) the 
Union would reopen his grievance--indeed, even if there is 


still such a possibility--that would not mean that the Union 
had not already breached its duty of fair representation; 
reopening Simmons' grievance after the deadlines provided in 
the collective bargaining agreement had passed might have 
remedied, but it could not prevent, the Union's breach.

 Simmons' argument can be recast in terms not of when his 
claim accrued but of whether the statute of limitations was 
tolled by his reliance upon the representations of Burroughs 
and Westmoreland. The statute of limitations for a hybrid 
s 301 claim may be tolled when the plaintiff is fraudulently 
induced to delay filing his suit, see Demchik v. General 
Motors Corp., 821 F.2d 102, 105 (2d Cir. 1987) or in good faith 
attempts to exhaust grievance procedures, see Lucas v. 
Mountain States Tel. & Tel., 909 F.2d 419, 421-22 (10th Cir. 
1990). Neither ground is available to Simmons, however. 
He does not claim that any officer of the Union misled him in 
any way. Nor was his delay in filing suit occasioned by the 
need to exhaust the grievance procedure, as to which he had 
done all he could when he asked Burroughs to pursue his 
grievance. Thus, as Simmons testified at his deposition, he 
went to his first attorney "to file a lawsuit," not to help him 
pursue his grievance. Indeed, Simmons was at a loss to 
explain why the attorney did not file a suit. Therefore, while 
Simmons may have believed that Union action was still 
possible in the Fall of 1996, it was not because he had yet to 
exhaust the grievance procedure; hence the statute of limita-
tions was not tolled.

 III. Conclusion

 For the foregoing reasons, the judgment of the district 
court is

 Affirmed.