# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3372

_____

| | | |
|---|---|---|
| John E. Scott, Sr.; Denise D. Clark, and on behalf of themselves and all others similarly situated, | * * * * * | |
| Plaintiffs/Appellees, | * * | |
| v. | * * | |
| | * | Appeals from the United States |
| United Automobile, Aerospace | * | District Court for the District of |
| and Agricultural Implement | * | Minnesota. |
| Workers of America (UAW | * | |
| Union), Local Union 879, a | * | |
| Labor Organization, | * | |
| | * | |
| Defendant/Appellant, | * * | |
| v. | * * | |
| Ford Motor Company, a | * | |
| Delaware Corporation, | * * | |
| Defendant/Appellee. | * | |

_____

No. 99-3811

_____

| | | |
|---|---|---|
| John E. Scott, Sr.; Denise D. Clark, and on behalf of themselves and all others | * * * | |

similarly situated,                          *

                                    *

       Plaintiffs/Appellants,       *

                                    *

       v.                       *

                                    *

United Automobile, Aerospace   *

and Agricultural Implement     *

Workers of America (UAW      *

Union), Local Union 879, a      *

Labor Organization; Ford       *

Motor Company, a Delaware    *

Corporation,                    *

                                    *

       Defendants/Appellees.      *

_____

Submitted:  October 18, 2000

Filed:   February 26, 2001

_____

Before WOLLMAN, Chief Judge, LAY and BEAM, Circuit Judges.

_____

BEAM, Circuit Judge.

These consolidated cases are "hybrid" actions under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185 (Section 301), filed by plaintiffs John E. Scott, Sr. and Denise D. Clark, employees of Ford Motor Company's Twin Cities Assembly Plant.  Clark and Scott bring these actions on behalf of a putative class (the class) of all employees of the Twin Cities facility who have been represented by the United Automobile, Aerospace and Agricultural Implement Workers (UAW), Local 879 since 1984.  The class alleges Ford breached the health and safety provisions of its collective bargaining agreement (CBA) with UAW and that UAW breached its duty

of fair representation by failing to enforce the provisions. The district court granted summary judgment in favor of Ford, reasoning that the class did not have standing to maintain a Section 301 claim against Ford for violation of the health and safety provisions of the CBA. The district court denied UAW's motion for summary judgment, finding there were factual issues concerning whether UAW had breached its duty of fair representation. This court granted UAW permission to appeal this interlocutory ruling. Because we find that the class is barred from bringing suit against UAW by the applicable statute of limitations, we affirm in part and reverse in part.

## I.    BACKGROUND

Scott filed a health and safety grievance on December 10, 1995, alleging Ford had violated the CBA by exposing employees to hazardous chemicals without properly warning and training the employees. UAW decided to withdraw this grievance in January 1996, but due to a turnover of union representatives, the grievance was not formally withdrawn until September 27, 1996. On February 1, 1996, Scott's attorney filed charges with the recording secretary of UAW Local 879, against several members of the executive board of Local 879. These allegations were substantially similar to the allegations contained in the complaint in this action, with both asserting a breach of the duty of fair representation. The initial complaint alleging the hybrid Section 301/breach of fair representation claim was filed August 12, 1996, roughly one and one-half months before the grievance was formally withdrawn by UAW.

Clark left Ford in February 1996 on medical leave and has not filed any grievances nor made any health and safety complaints subsequent to that time. Clark was not included as a named plaintiff to this action until January 1997.

## II.    DISCUSSION

In this action the class seeks to pursue a hybrid claim under Section 301 against Ford for breach of the CBA and against UAW for breach of the duty of fair representation. Although the contractual remedies under a collective bargaining agreement between the employer and union ordinarily are exclusive, if the union has sole power under the contract to utilize the higher stages of a grievance procedure and wrongfully refuses to process a grievance, the employee may bring a hybrid action under Section 301. Vaca v. Sipes, 386 U.S. 171, 184-85 (1967). In order to prevail against either the employer or union, the employee must prove both that the union breached its duty of fair representation and that the employer breached the collective bargaining agreement. Id. at 186-87.

Such an action is governed by the six-month statute of limitations set forth by the Supreme Court in DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983). In DelCostello, the Court reasoned that a hybrid Section 301 fair representation claim resembled a claim for an unfair labor practice under the National Labor Relations Act (NLRA), and imposed a six-month limitations period similar to the limitation period found in section 10b of the NLRA. Id. at 169-70, 172. The statute of limitations begins running when the employee "should reasonably have known of the union's alleged breach." Evans v. Northwest Airlines, Inc., 29 F.3d 438, 441 (8th Cir. 1994).

The class cannot maintain an action against UAW for breach of the duty of fair representation because the action was not filed within the six-month statute of limitations. At the very latest, Scott knew that UAW was not going to pursue the grievance when he filed charges against the union's executive board on February 1, 1996. Scott filed his December 1995 grievance with unit committee person John Moore, and Moore was one of the board members Scott filed charges against on February 1, 1996. In these charges, Scott alleges:

During the period from 1993 until 1996, Moore breached his duty of fair representation owed to the membership of Local 879 by failing to handle grievances regarding [health and safety issues] in a proper manner. Moore dealt with grievances filed by members on these issues in a perfunctory manner, and the manner in which he allowed them to be processed was arbitrary, capricious, in bad faith, and without a rational basis. These actions by Moore were in violation of the UAW International Constitution, the Contract, and state and federal law.

Thus, it is apparent Scott had sufficient facts to form the basis of his breach of duty of fair representation claim concerning the December 1995, grievance on February 1, 1996, more than six months prior to August 12, 1996, when this action was filed.

In Gustafson v. Cornelius Co., 724 F.2d 75 (8th Cir. 1983), a Section 301 hybrid case wherein the exact date the union decided not to pursue the grievance was unclear, we held that the cause of action accrued on the date the employee alleged in an unfair labor practice charge that the union had decided not to pursue the grievance. Id. at 79-80. In the alternative, we held the latest the cause of action could have accrued was on the date the unfair labor practice charge was filed with the National Labor Relations Board (NLRB). Id. at 79 n.10. See also Washington v. Service Employees Int'l Union, Local 50, 130 F.3d 825, 826 (8th Cir. 1997) (holding that six- month statute of limitations began to run on date employee filed unfair labor practice charge against union with NLRB, and no continuing violation recognized). Although Scott filed the charges here with the union's executive board rather than with the NLRB as was the case in Gustafson and Washington, we do not see an appreciable difference. The key inquiry is what Scott knew or reasonably should have known about the union's decision to pursue the grievance. The record indicates Scott had the requisite knowledge on February 1, 1996, at the very latest.

Further, there is evidence Scott had the requisite knowledge even earlier. According to the CBA, only the Unit Health and Safety Representative has authority

to file a health and safety grievance. Scott's affidavit indicates he was frustrated with these CBA-prescribed special procedures for health and safety violations and instead filed a health and safety grievance, wrongly, through the collective bargaining grievance system. Scott further indicated he knew he was using the wrong procedure for this type of grievance, stating: "[m]y decision to try the regular grievance process was a deliberate one, not one out of ignorance. I had no choice but to bypass the health and safety process . . . ." Therefore, the December 1995 health and safety grievance, filed incorrectly in the collective bargaining system, would be futile. Thus, Scott knew, or reasonably should have known, when he filed the grievance in December that he was using the wrong procedure to file this health and safety grievance, and that it would likewise not be pursued by UAW.

The date of the grievance's formal denial does not support the argument that the cause of action accrued only after this action was taken. Scott's grievance was not formally denied until September 27, 1996, more than a month after this suit was filed. Thus, Scott's claim is time-barred under the six-month statute of limitations. Additionally, because Clark did not file any grievance during this relevant time period and instead relies on Scott's December 1995 grievance, Clark's claims are also barred by the statute of limitations.

In order to prevail against either the union or employer, the employee must prove both the breach of duty of fair representation and the breach of the collective bargaining agreement. Vaca, 386 U.S. at 186-87. The class is barred from proving the breach of duty of fair representation by the union, therefore summary judgment in favor of Ford is also proper. See Barlow v. American Nat'l Can Co., 173 F.3d 640, 642 (8th Cir. 1999) ("Because the union's breach of duty is a necessary element of a § 301 claim against the employer, the employee's claims against both typically accrue, for statute of limitations purposes, when the union's breach of duty injures the employee."); Washington, 130 F.3d at 827 ("Because summary judgment in favor of the union was

appropriate, we conclude summary judgment in favor of [the employer] was likewise proper.").

Accordingly, we reverse the district court's ruling denying UAW's motion for summary judgment and affirm the district court's grant of summary judgment in favor of Ford.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.