# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1831
_____

| | |
|---|---|
| Dewayne Lockhart, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Eastern District of Arkansas. |
| Smurfit-Stone Container Corporation; | * |
| Paper, Allied-Industrial, Chemical & | * [UNPUBLISHED] |
| Energy Workers International Union, | * |
| | * |
| Appellees. | * |

_____

Submitted: November 6, 2002

Filed: December 2, 2002
_____

Before HANSEN, Chief Judge, BEAM, and SMITH, Circuit Judges.
_____

PER CURIAM.

Dewayne Lockhart appeals from the district court's[1] grant of summary judgment in favor of Lockhart's employer, Stone Container Corporation ("Stone"), and PACE International Union (the "Union"). After Stone terminated Lockhart for violating sexual-harassment and workplace-violence policies, he brought this action

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, alleging unfair representation by the Union and breach of contract by Stone.  We affirm.

In order to prevail in a hybrid claim under section 301 against both an employer and a union, an employee must prove both the union's breach of its duty of fair representation and the employer's breach of the collective bargaining agreement. Scott v. United Auto., 242 F.3d 837, 840 (8th Cir. 2001) (citing Vaca v. Sipes, 386 U.S. 171, 186-87 (1967)).  A court must find unfair representation by the union before considering the merits of a section 301 claim against an employer.  Buford v. Runyon, 160 F.3d 1199, 1201 (8th Cir. 1998).  A union breaches its duty of fair representation only when its conduct is arbitrary, discriminatory, or in bad faith. Vaca, 386 U.S. at 190.  To survive a motion for summary judgment on the issue of bad faith, an employee must demonstrate fraud, deceitful action, or dishonest conduct by the union.  Baxter v. United Paperworkers Int'l Union, Local 7370, 140 F.3d 745, 747 (8th Cir. 1998).  Lockhart has simply not met this burden.

It may be that the Union could have performed a more rigorous and thorough investigation in this case,  but we grant unions "broad latitude" in dealing with their members and review their performance in "a highly deferential light."  Pegump v. Rockwell Int'l Corp., 109 F.3d 442, 444 (8th Cir. 1997).  The Union was certainly within that latitude in its disposition of this case.  Because Lockhart cannot establish unfair representation by the Union, his claim against Stone for breach of contract must also fail.  Accordingly, we affirm the grant of summary judgment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.