# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2410

_____

| | | |
|---|---|---|
| Kathleen A. Cochrane, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| National Association of Letter | * | |
| Carriers, AFL-CIO, Local Division, | * | **[UNPUBLISHED]** |
| Branch 352; United States Postal | * | |
| Service, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: November 29, 2002
Filed: December 3, 2002

_____

Before LOKEN, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

Kathleen Cochrane brought this action against her former employer, the United States Postal Service (USPS), and her former union, the National Association of Letter Carriers, and its Local Division, Branch 352 (collectively NALC), alleging that USPS had violated its collective bargaining agreement with NALC, and that NALC

had breached its duty to fairly represent her. The district court[1] granted summary judgment to USPS and NALC, and Cochrane appeals. After careful review of the record, we affirm.

The evidence before the district court did not create a genuine issue of material fact on whether NALC had breached its duty of fair representation. First, the record fails to show arbitrary conduct by NALC. Instead, the evidence demonstrates that NALC investigated Cochrane's claim, and concluded, based upon its interpretation of the collective bargaining agreement and the circumstances of Cochrane's case, that she did not have a grievable complaint. Further, there is no evidence that NALC acted in bad faith or with discriminatory intent. See Schmidt v. Int'l Bhd. of Elec. Workers, Local 949, 980 F.2d 1167, 1170 (8th Cir. 1992).

As Cochrane was required to show a breach of the duty of fair representation to prevail against either defendant, see Scott v. United Auto., Local 879, 242 F.3d 837, 840 (8th Cir. 2001), summary judgment was also appropriate on her claim against USPS for breach of the collective bargaining agreement, see Buford v. Runyon, 160 F.3d 1199, 1203 (8th Cir. 1998).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The HONORABLE ROBERT W. PRATT, United States District Judge for the Southern District of Iowa.