# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-2629

———————

Leanda Rae Muhonen,                *
                                   *
            Appellant,             *
                                   *   Appeal from the United States
     v.                            *   District Court for the
                                   *   District of Minnesota.
Cingular Wireless Employee Services, *
LLC; and Communications Workers of  *   [UNPUBLISHED]
America, Local 7200 AFL-CIO CLC,    *
                                   *
            Appellees.             *

———————

Submitted: February 28, 2012
Filed: March 2, 2012

———————

Before WOLLMAN, MELLOY, and SMITH, Circuit Judges.

———————

PER CURIAM.

Leanda Muhonen appeals the final judgment entered by the district court[1] in her action asserting claims under section 301 of the Labor Management Relations Act against her former employer, Cingular Wireless Employee Services, LLC (Cingular), and her former union, Communications Workers of America, Local 7200 (CWA).

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Steven E. Rau, United States Magistrate Judge for the District of Minnesota.

Upon careful review, we conclude that summary judgment was properly granted on Muhonen's claims against CWA, because it was beyond genuine dispute that (1) as to her claim arising out of a conflict she had with her supervisor, the claim was barred by the statute of limitations and, in any event, Muhonen was not actually harmed by any act or omission by CWA; and (2) as to her claim arising out of her termination, she did not ask CWA to file or pursue a grievance on her behalf related to her termination. See Hansen v. Qwest Commc'ns, Corp., 564 F.3d 919, 923 (8th Cir. 2009) (grant of summary judgment reviewed de novo); Matthews v. Milwaukee Area Local Postal Workers Union, AFL-CIO, 495 F.3d 438, 441 (7th Cir. 2007) (plaintiff must show not only that union acted arbitrarily, but also that he was actually harmed by union's action and outcome of grievance would probably have been different but for union's activities); Scott v. United Auto., Aerospace and Agric. Implement Workers of Am., Local Union 879, 242 F.3d 837, 839 (8th Cir. 2001) (§ 301 hybrid claim is subject to 6-month statute of limitations, which begins running when employee should reasonably have known of union's alleged breach); Flanigan v. Truck Drivers Local No. 671, 942 F.2d 824, 829 (2d Cir. 1991) (where appellants did not ask union to process grievance on issue, they could not complain that union failed to represent them properly). Moreover, because CWA was entitled to summary judgment, we need not address Muhonen's claims against Cingular. See Jones v. United Parcel Serv., Inc., 461 F.3d 982, 994 (8th Cir. 2006) (party seeking to recover on hybrid § 301 claim must prove both that employer violated CBA and that union breached duty of fair representation; declining to consider whether employer violated collective bargaining agreement where plaintiff did not generate genuine issues of fact that union breached duty of fair representation).

We further conclude that the district court committed no reversible error in dismissing Muhonen's state-law assault claim, and that Muhonen is bound by her failure in the district court to oppose the denial of leave to amend her complaint.

Accordingly, we affirm. See 8th Cir. R. 47B.

_____