# United States Court of Appeals

### For the Eighth Circuit

_____

No. 12-3846

_____

Mark R. Becker; Richard G. Adams; Liphrino Alcenat; Robert R. Auren; David R. Balderas; Carl J. Bartell; Greg H. Barthol; Albert G. Bauer; Jeffery R. Begin; Patrick K. Belair; Matthew A. Benson; David J. Boas; William F. Boeck; Paul C. Bollmann; Rick A. Braatz; Thomas E. Brooks; Michael P. Burback; Matthew D. Calmer; Richard O. Charnell; Douglas S. Coffey; John D. Crist; David W. Danneker; Donald R. Deiman; James A. Eggert; Brian C. Engle; Raymond Fellows; Ronald C. Fideldy; Michael Figgins; Thomas J. Foster; Doug R. Franco; Daniel L. Freiling; Ruben A. Fuentes; Michael L. Gatlin; Terry J. Glynn; Jeffrey D. Hamlin; Mark A. Hansen; David A. Hehling; Todd M. Hellevik; Dennis L. Helling; Michael E. Hiber; John P. Hiniker; Eric D. Holscher; Daniel D. Howells; Ronald D. Hoyhtya; Terry P. Huettl; Dean M. Huhta; Anthony J. Jansen; Paul F. Jansen; Anthony J. Jasseh; Xavier U. Jones; Thomas R. Kasper; Jeff A. Klemenhagen; Chris W. Klingelhoets; Brian P. Klotz; Shawn L. Koehler; Steven E. Koetz; John P. Koralesky; James Krager; Michael G. Kremer; James C. Kroschel; Edin N. Kucanin; Scott A. Larson; Timothy A. Locker; Jason C. Long; Juan P. Macias; Craig A. Manderfeld; Jeffrey T. Melson; Jeffrey Michael; Keith F. Miller; Jeffrey P. Olson; Mark E. Perron; James C. Radford; James C. Rodriguez; Jesse Rodriguez; James A. Roy; Terrance P. Ryan; Charles A. Sadler; Jeffrey H. Sampson; Patrick J. Samuelson; William A. Satchel; Dale E. Schipp; Dennis E. Schroeder; Gary D. Sendek; Ron W. Snyder; Michael T. Sporcic; Karimu Surajc; Kevin C. Thompson; Rodney G. Umbriet; Joseph R. Vandenheuvel; Nick E. Wahlgren; Charles E. Walker; Wayne K. Warnke; Ben C. Webber; David A. Westlund; Rick A. Wilbur; Charles Young, Jr.

*Plaintiffs - Appellants*

v.

International Brotherhood of Teamsters Local 120

*Defendant - Appellee*

Appeal from United States District Court
for the District of Minnesota - Minneapolis
_____

Submitted: October 24, 2013
Filed: February 3, 2014
_____

Before RILEY, Chief Judge, COLLOTON and KELLY, Circuit Judges.
_____

RILEY, Chief Judge.

Mark Becker and other union members (Becker or appellants) sued their former employer, US Foodservice, Inc. (US Foods), and International Brotherhood of Teamsters Local 120 (Union) in a hybrid action under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, for breach of duty of fair representation. The district court[1] dismissed the complaint against US Foods for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and later granted the Union's motion for summary judgment because Becker's claim was time-barred. Becker appeals the grant of summary judgment only. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    BACKGROUND

In August 2008, US Foods announced it would close its Eagan, Minnesota, facility, where appellants were employed. A month later, the Union filed a grievance against US Foods seeking to bar the closure. The Union and US Foods began negotiating concerning the closure of the Eagan facility. The Union ostensibly

_____

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

attempted to negotiate an agreement whereby the Eagan employees would transfer without loss of seniority or pension to another facility in Plymouth, Minnesota.

On November 3, 2008, the Union and US Foods reached a tentative "Facility Closure Agreement" to settle the grievance. The tentative agreement was contingent upon approval by both the Central States Pension Plan, which covered the employees of the Eagan facility, and the Minneapolis Food Distributing Industry Pension Plan (MFPP), which covered the employees of the Plymouth facility. The six trustees of the MFPP, three of whom were also Union officials, met by telephone two days later and rejected the Facility Closure Agreement. The next day, the Union wrote to US Foods to inform it of the rejection. With no agreement, any employee moving from Eagan to Plymouth would lose all seniority and pension benefits and be treated as a new hire.

On November 12, 2008, US Foods informed the Eagan employees the MFPP trustees had rejected the tentative Facility Closure Agreement. A few days later, US Foods told the Eagan employees they could transfer to the Plymouth facility as new hires. On December 9, 2008, a number of the displaced Eagan employees, including Becker, filed an unfair labor practices charge against the Union with the National Labor Relations Board (NLRB), alleging the Union "has failed to fairly represent [Eagan employees] by engaging in negotiations with [US Foods] designed to serve interests other than the represented employees." Four days later, US Foods fired 146 of the Eagan employees. On February 10, 2009, the NLRB dismissed the unfair labor practices charge against the Union, stating, "Based on our investigation, there is insufficient evidence of a violation." Becker's appeal of the NLRB dismissal was denied.

Early in 2009, appellants hired legal counsel to "insist[] that the union pursue a grievance and arbitration on our behalf." The Union agreed to pursue the Eagan employees' claims against US Foods "through the grievance-arbitration provision of

the collective bargaining agreement." After five days of hearings, on July 9, 2010, the arbitrator issued a decision and award denying the Union's grievance against US Foods. Less than six months later, on December 30, 2010, many of the former Eagan employees filed suit against US Foods and the Union in Minnesota state court. US Foods removed the action to federal district court.

On May 16, 2011, the district court granted US Foods' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), noting there were "no allegations . . . of any wrongdoing" by US Foods in Becker's complaint. On November 1, 2012, the district court granted the Union's motion for summary judgment, stating Becker's claim against the Union accrued on December 9, 2008, the day he filed the unfair labor practices charge against the Union with the NLRB, and the present action, filed in state court on December 30, 2010, was time-barred by the six-month statute of limitations. Becker timely appealed the summary judgment.

## II.    DISCUSSION
### A.    Standard of Review
"We review de novo the grant of a motion for summary judgment, viewing all evidence and making all reasonable inferences in the light most favorable to the nonmoving party." Inechien v. Nichols Aluminum, LLC, 728 F.3d 816, 819 (8th Cir. 2013).

### B.    Commencement of Limitations Period
In DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983), the Supreme Court explained § 10(b) of the National Labor Relations Act, codified at 29 U.S.C. § 160(b), is "the applicable statute of limitations governing the suit" by an employee alleging a union breached its duty of fair representation in a "hybrid

-4-

§ 301/fair representation claim." Id. at 154, 155, 164-65. See 29 U.S.C. § 185.[2] Section 10(b) calls for a limitations period of six months. See 29 U.S.C. § 160(b).

The parties dispute when Becker's claim accrued. Becker contends the facts of this case render it one of first impression in our circuit, and persuasive Third Circuit case law supports Becker's contention that his claim accrued on the date of the arbitration award, July 9, 2010, such that his complaint filed on December 30, 2010, was within the six-month limitations period. The Union argues our precedent establishes Becker's claim accrued no later than December 9, 2008, when Becker filed a charge against the Union with the NLRB, rendering his complaint filed two years later time-barred.

### 1. Eighth Circuit Precedent

"Although the DelCostello Court indicated that section 10(b) requires filing of a duty of fair representation claim within six months of the action's accrual, it did not provide guidance in determining when such a claim accrues." Skyberg v. United Food & Commercial Workers Int'l Union, 5 F.3d 297, 301 (8th Cir. 1993). "Courts have generally held that the six-month limitations period begins to run when the employee knows or reasonably should know that the union has breached its duty of fair representation." Id.; see also Schuver v. MidAmerican Energy Co., 154 F.3d 795, 800 (8th Cir. 1998); Santos v. Dist. Council of United Bhd. of Carpenters, 619 F.2d 963, 968-69 (2d Cir. 1980). "The statute of limitations begins running when the employee 'should reasonably have known of the union's alleged breach.'" Scott v. UAW Local 879, 242 F.3d 837, 839 (8th Cir. 2001) (quoting Evans v. Nw. Airlines, Inc., 29 F.3d 438, 441 (8th Cir. 1994)). Becker certainly knew of the Union's alleged breach on December 9, 2008, when he filed the NLRB charge.

---

[2]Although Becker's complaint states his cause of action arises under 29 U.S.C. § 159, he now informs this court his cause of action arises "under § 301 of the Labor Relations Management Act, 29 U.S.C. § 185, which formed the jurisdictional basis before the Trial Court." We address Becker's claim under 29 U.S.C. § 185.

## 2.  Third Circuit Authority

"'It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel.'" Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) (quoting Owsley v. Luebbers, 281 F.3d 687, 690 (8th Cir. 2002) (per curiam)).  In the face of our formidable precedent, Becker asserts "the Eighth Circuit has never passed upon the precise issue raised in this case"—tolling the limitations period during a related arbitration proceeding.  Becker urges us to consider and adopt Childs v. Pennsylvania Federation Brotherhood of Maintenance Way Employees, 831 F.2d 429 (3d Cir. 1987), where a railroad employee sued his union for breach of its duty of fair representation and sued Amtrak, his employer, for breach of a collective bargaining agreement.  Id. at 430.  The Childs court had to determine the date of accrual of Childs' claim.  See id.  Childs' problem with the union had to do with the arbitration proceedings.  See id.  First, Childs objected to the union's decision not to submit Childs' grievance against Amtrak to the National Railroad Adjustment Board (NRAB).  See id. at 431.  After Childs retained counsel, the union reversed course and decided to defend Childs before the NRAB.  See id.  But during the course of negotiations prior to the arbitration proceedings, the union sent Childs a letter stating Amtrak would not reopen Childs' file to add new evidence, and the union had agreed to close Childs' file, which would, in effect, be fatal to Childs' success with his grievance.  See id. at 432.  As predicted by the union, the NRAB denied Childs' grievance.  See id.

Childs sued the union for failing to represent him fairly in the proceedings before the NRAB.  See id.  The district court dismissed the claim as time-barred, stating the six-month limitations period began to run on the date of the union's letter, when Childs knew his file would not be reopened and no new evidence could be submitted to the NRAB.  See id. at 432-33.  Childs appealed to the Third Circuit, arguing the claim accrual date should instead be the date of the NRAB's final decision.  See id. at 434.  The Third Circuit agreed with Childs.  See id.

-6-

> First, it seems inefficient and unwise to compel an employee to sue his union in federal court while the union continues, in good faith, to pursue the employee's claims and attempts to remedy any past breach of its [duty of fair representation]. If the union can indeed remedy the cause of the employee's dissatisfaction, it should be allowed to do so, thus obviating federal judicial involvement.

Id. Childs' major complaint against the union was that the union breached its duty of fairly representing him *as to the arbitration proceeding* because, while the arbitration proceeding was ongoing, the union could have cured the breach. See id. at 432.

Yet, Becker's complaint against the Union involves the Union's handling of the Facility Closure Agreement. The grievance decided by the arbitrator involved the collective bargaining agreement between the Union and US Foods. The Third Circuit's holding in Childs simply does not apply to Becker's case: "We hold that where the union continued to represent the employee before the NRAB, and *tried to remedy the breach of its duty of fair representation*, the employee's action against the union did not accrue until the [NRAB] rejected the employee's claim." Id. at 430 (emphasis added). In the present case, the Union was not trying "to remedy the breach of its duty of fair representation" in the negotiations regarding the Facility Closure Agreement as a part of the arbitration proceedings considering the collective bargaining agreement.

Becker asks this court to connect (1) his grievance with the Union, and (2) the Union's grievance with US Foods, so as to extend the time in which he could file a complaint against the Union.[3] The arbitration award denying the Union's grievance against US Foods addressed two issues only:

---

[3]The two grievances are connected factually in the sense that both center around the loss of appellants' jobs when US Foods closed the Eagan facility.

1. Did [US Foods] violate the Eagan Collective Bargaining Agreement when it closed its facility in Eagan, Minnesota and transferred the work formerly performed in that facility to its plant in Plymouth, Minnesota?

2. If so, what is the remedy?

In fact, the arbitrator declared,

[US Foods] has strongly suggested that Union officers acted in bad faith toward its own members by not supporting the [Facility] Closure Agreement while acting in their capacities as trustees of the [MFPP]. Since it was not necessary to a decision on the merits of this case, the Arbitrator did not make a specific Finding of Fact on this point.

Regardless of the outcome of the arbitration, any grievance Becker had with the Union concerning the Union's actions negotiating the Facility Closure Agreement would have remained unresolved by the arbitration.

Becker has not established Childs is apposite or his case is one of first impression in our circuit. We must conclude Becker's claim accrued on December 9, 2008, when Becker "'should reasonably have known of the union's alleged breach.'" Scott, 242 F.3d at 839 (quoting Evans, 29 F.3d at 441).[4]

_____

[4]In a footnote, the Union suggests that without allegations of breach of a collective bargaining agreement by US Foods, Becker cannot prevail in this hybrid action. "Such a suit, as a formal matter, comprises two causes of action. The suit against the employer rests on § 301, since the employee is alleging a breach of the collective bargaining agreement." DelCostello, 462 U.S. at 164. "The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act." Id. "'To prevail against either the company or the Union, . . . [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union.'" Id. at 165 (alteration and omission in original) (quoting United Parcel Serv., Inc. v. Mitchell, 451 U.S. 56, 67 (1981)

## III. CONCLUSION

For the foregoing reasons, we affirm.

_____

(Stewart, J., concurring in the judgment)). "In order to prevail against either the employer or union, the employee must prove both that the union breached its duty of fair representation and that the employer breached the collective bargaining agreement." Scott, 242 F.3d at 839. Because we affirm on other grounds, we do not address this issue.

-9-