**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 27, 2016[*]
Decided October 27, 2016

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 16-1638

| | |
|---|---|
| JAMELL O. MALONE,<br>        *Plaintiff-Appellant*,<br><br>    *v.*<br><br>SECURITAS SECURITY SERVICES<br>USA, INC., and SERVICE EMPLOYEES<br>INTERNATIONAL UNION, LOCAL 1,<br>        *Defendants-Appellees*. | Appeal from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division.<br><br>No. 13 C 8747<br><br>John Robert Blakey,<br>*Judge*. |

**O R D E R**

Jamell Malone appeals from the dismissal of this lawsuit claiming that his employer fired him unlawfully and that his union breached a duty to challenge the dismissal. The district court dismissed the action for failure to prosecute but noted that,

---

[*] We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

regardless, his claims were untimely. We conclude that the court properly exercised its discretion in dismissing the suit and affirm the judgment.

Malone worked for Securitas Security Services under the terms of a collective bargaining agreement between the company and his union, Local 1 of the Service Employees International Union. He was fired in June 2012 and filed suit against Securitas and the Union in December 2013. Malone's original complaint contains few details but seems to claim that Securitas violated the Americans with Disabilities Act and the Family and Medical Leave Act by not allowing him to return to work after a medical leave of absence. The original complaint also alleges that the Union failed to properly represent him in this dispute with Securitas.

From the very beginning of the litigation, however, Malone repeatedly failed to appear at status hearings and missed court deadlines. His suit initially was dismissed after he missed the very first status hearing, but the district court granted his motion to reopen the case. After the case was transferred to another district judge, Malone continued to ignore court orders. The new judge then dismissed Malone's complaint for failure to state a claim but with leave to amend. The court set a deadline to submit an amended complaint and warned that missing the deadline could lead to dismissal with prejudice. But Malone missed the deadline. At the next status hearing, the court extended that deadline, but Malone not only missed that new deadline but also the next status hearing. Although Malone never bothered to contact the court and explain his inaction, the court reset the status hearing sua sponte but warned that another absence would result in dismissal of the case. When Malone again failed to appear, the judge followed through and in October 2015 entered a minute order dismissing the case with prejudice for failure to prosecute.

Almost a month later Malone filed what he titled a "notice to reopen case." He asserted that his failures to meet deadlines and to appear in court should be excused because he had been ill and, being homeless, had had no access to e-mail and difficulty retrieving his mail. The district court took this motion under advisement and, meanwhile, set a new deadline for Malone to amend his complaint, which he did three days late. The amended complaint still claims that the Union breached its duty of fair representation but drops Malone's allegations under the Americans with Disabilities Act and the Family and Medical Leave Act and now accuses Securitas of violating the collective bargaining agreement. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 155 (1983); *Moultrie v. Penn Aluminum Int'l, LLC*, 766 F.3d 747, 751–52 (7th Cir. 2014).

In February 2016 the district judge denied Malone's motion to reopen, citing Malone's "long history of flaunting court orders." The judge noted that, even if he was to "ignore plaintiff's repeated noncompliance with court orders," the "hybrid" claims in the amended complaint would face dismissal as untimely under the National Labor Relations Act. *See* 29 U.S.C. § 160(b); *DelCostello,* 462 U.S. at 155. Two weeks later, on February 18, the court entered judgment, *see* FED. R. CIV. P. 58, and 30 days after that Malone filed a notice of appeal designating the order denying his motion to reopen the case.

On appeal Malone principally argues that the district court erred in concluding that his amended complaint would be time barred. He asserts that Illinois's two-year statute of limitations applicable to personal-injury suits, *see* 735 ILCS 5/13-202, should apply to his claims, though he cites no legal authority and gives no reason why this should be so. He also argues that his claims did not accrue until he realized that Securitas and the Union could be held liable under the "hybrid" theory of Securitas's alleged breach of the collective bargaining agreement and the Union's alleged failure to represent him fairly.

Before addressing the merits we must resolve Securitas's puzzling contention that Malone's notice of appeal was timely filed from the judgment entered on February 18, 2015, but nevertheless is ineffective to challenge the district court's earlier order denying his motion to reopen the case. Securitas characterizes that motion as one made under Federal Rule of Civil Procedure 60(b). Dispositions of Rule 60(b) motions are separately appealable within 30 days of entry of the order. *Martinez v. City of Chicago*, 499 F.3d 721, 727 (7th Cir. 2007); *see* FED. R. CIV. P. 58(a)(5) (entry of judgment on separate document not required for order disposing of motion under Rule 60); FED. R. APP. P. 4(a)(1)(A), (a)(7)(A)(i) (notice of appeal must be filed within 30 days after entry of judgment or order appealed from). Malone's notice of appeal came 30 days after entry of the February 18 judgment but 48 days after the ruling on his motion to reopen. But this does not matter because Securitas mischaracterizes the motion. Malone's motion was filed *before* entry of final judgment. Rule 60(b) is relevant only to "a final judgment, order, or proceeding" and "does not limit a district court's discretion to reconsider an interlocutory judgment or order at any time prior to final judgment." *Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015) (quotation marks and citation omitted) (concluding that motion to vacate order granting summary judgment was not a Rule 60(b) motion since it was made before entry of final judgment); *see Phillips v. Sheriff of Cook Cnty.*, 828 F.3d 541, 559 (7th Cir. 2016) (noting that motion labeled as one under Rule 60(b) in fact was request for relief from interlocutory decision given that

final judgment had not yet been entered). And a notice of appeal from a final judgment brings up all earlier rulings in the case. *See Taylor v. Brown*, 787 F.3d 851, 856 (7th Cir. 2015); *Lock Realty Corp. IX v. U.S. Health, LP*, 707 F.3d 764, 769 (7th Cir. 2013); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1026 (7th Cir. 2013). We therefore have jurisdiction to review the order denying Malone's motion to reopen the case.

That said, Malone's arguments about the district court's rulings are meritless. The court correctly recognized that hybrid claims like Malone's are subject to a six-month statute of limitations under § 10(b) of the National Labor Relations Act. *See* 29 U.S.C. § 160(b); *DelCostello*, 462 U.S. at 155; *Moultrie*, 766 F.3d at 751–52; *Becker v. Int'l Bhd. of Teamsters Local 120*, 742 F.3d 330, 332–33 (8th Cir. 2014). Malone's claims accrued in November 2012 when he received notice from the union that it would not pursue his grievance. *See Moultrie*, 766 F.3d at 751–52. But Malone did not file suit until December 2013, which was too late. And his assertion of legal ignorance does not save his suit; a federal period of limitation runs from the time a person knows of the injury and its cause, not from the time he first realizes that the defendant breached a legal duty. *See United States v. Kubrick*, 444 U.S. 111, 119–122 (1979); *Bonds v. Coca-Cola Co.*, 806 F.2d 1324, 1327–28 (7th Cir. 1986).

Malone additionally asserts that his lawsuit should have been reopened because, he says, he was ill, which explains and excuses his failures to comply with court deadlines and attend status hearings. Though dismissal with prejudice is a harsh sanction, we have upheld such a sanction "for plaintiffs who fail to attend multiple hearings and have been warned of the possibility of dismissal." *McInnis v. Duncan*, 697 F.3d 661, 664 (7th Cir. 2012); *see Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 666 (7th Cir. 2006); *Ball v. City of Chicago*, 2 F.3d 752, 756 (7th Cir. 1993). Malone had already had his case dismissed once for failure to appear and, after it was reopened, was explicitly warned twice that missing deadlines or court appearances would result in another dismissal. And though a district court should consider the medical disabilities of any litigant, the court did not abuse its discretion in concluding that delay and prejudice to the defendants outweighed the difficulty Malone might have faced in proceeding, especially given that he had not submitted any evidence that a medical condition actually had prevented him from appearing or meeting deadlines, or at least communicating with the court about rescheduling. *See Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011) (explaining that before dismissing for failure to prosecute district courts should consider frequency and magnitude of plaintiff's noncompliance with deadlines, the effect of noncompliance on court's calendar, the prejudice to defendants, and the efficacy of other sanctions); *Emerson v. Thiel Coll.*,

296 F.3d 184, 191 (3d Cir. 2002) (concluding that district court properly exercised its discretion in dismissing case despite litigant's claim of medical condition when litigant provided no substantiation of condition).

AFFIRMED.